IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AMERICAN COMPENSATION                                             PLAINTIFF
INSURANCE COMPANY

V.                                                            NO. 1:18-CV-213-DMB-DAS

HECTOR RUIZ d/b/a Los Primoz
Construction, et al.                                              DEFENDANTS

## ORDER

Before the Court is Raul Aparacio's "Motion to Set Aside Default." Doc. #12.

### I
### Procedural History

On November 21, 2018, American Compensation Insurance Company filed a "Complaint for Declaratory Judgment" against Hector Ruiz, doing business as Los Primoz Construction; Raul Aparacio; and JESCO, Inc. Doc. #1. On December 20, 2018, American Compensation filed an executed summons, representing that Aparacio was served on December 14, 2018, by leaving the summons at his "residence or usual place of abode …." Doc. #6 at 2. On January 7, 2019, the Clerk of the Court issued a notice of Aparacio's past due answer. Doc. #8. On January 9, 2019, American Compensation moved for entry of default against Aparacio for a failure to plead or otherwise defend, and the Clerk of the Court entered a default the next day. Docs. #9, #10. The same day the Clerk entered default, Aparacio filed a "Motion to Set Aside Default."[1] Doc. #12. American Compensation did not respond to the motion.

---

[1] The motion "requests this Court waive the requirements of Rule 7.2(d) of the Uniform District Court Rules requiring the submission of a memoranda of authorities as Defendant Raul Aparacio is of the opinion this is a straight forward Motion that should be granted." Doc. #12 at 3. Because, contrary to the local rules, Aparacio's motion contains legal argument and citations to authority, the Court does not share Aparacio's opinion that he should be relieved of the separate memorandum requirement. See L.U. Civ. R. 7(b)(2)(B). However, in the interest of efficiency only, the

**II**
**Discussion**

As grounds to set aside the default, the motion represents that Aparacio's "counsel was advised of the filing of this Complaint on January 8, 2019, by George Dent, Esq., attorney for Defendant Raul Aparacio's employer, Defendant Hector," and:

> According to the Proof of Service, Defendant Raul Aparacio was served at 200 Shiloh Mantachie Road, Mantachie, Mississippi. Upon information and belief, this is the residence of his employer, Hector Ruiz, but is not Defendant Raul Aparacio's residence. Rather, his address and usual place of abode at the time of this tragic accident was at an apartment on, or just off of, Elvis Presley Boulevard in Tupelo, Mississippi.
>
> The only time that Defendant Raul Aparacio stayed at 200 Shiloh Mantachie Road, Mantachie, Mississippi was for an approximate two week period of time that he has not been in a medical facility either in Mississippi, Alabama, or Georgia since this accident. Defendant Raul Aparacio has not been present at his usual place of abode since the accident in question. Therefore, 200 Shiloh Mantachie Road, Mantachie, Mississippi is simply not his usual place of abode and does not qualify as his "then present residence" as defined by *Earle v. McVeigh*, 91 U.S. 503, 508 (1875) and F.R.C.P. 4(e).

Doc. #12 at 2 (paragraph numbers omitted).

Federal Rule of Civil Procedure 4(e)(2)(B) provides that an individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Here, because the motion is not opposed and because the representations in the motion have not been disputed by American Compensation,[2] the Court concludes that the entry of default should be set aside.[3]

---

memorandum requirement is excused this instance. The parties are warned that such may not be the case with respect to any future motions.

[2] The motion represents that an affidavit from Aparacio was not able to be obtained when the motion was filed "in an effort to file the instant Motion on the day of the Default …." Doc. #12 at 2.

[3] *See* L.U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."). To the extent the representations in the motion are undisputed, it appears Aparacio was not properly served because the address used for service of process was not his "dwelling or usual place of abode." Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause …." Insufficient service of process constitutes such good cause. *See, e.g., Saucier v. United States*, No. 1:13-cv-82, 2014 WL 1783070, at *3–4 (S.D. Miss. May 5, 2014) (setting aside default for

## III
## <u>Conclusion</u>

Aparacio's motion [12] is **GRANTED**. The Clerk's entry of default against Aparacio [10] is **SET ASIDE.**

**SO ORDERED**, this 17th day of June, 2019.

<u>/s/Debra M. Brown</u>
**UNITED STATES DISTRICT JUDGE**

---

insufficient service of process); *Francois v. Parish*, No. 14-338, 2014 WL 4954643, at *2 (E.D. La. Oct. 2, 2014) (same).